UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS BRADFORD and
PATRICIA ANN BRADFORD

VERSUS

THE MCCARTY CORPORATION,
ET AL

CIVIL ACTION

NO. 08-746-JVP-SCR

## RULING ON MOTION TO REMAND

This matter is before the court on a motion by plaintiffs, Thomas Bradford and Patricia Ann Bradford, to remand (doc. 19). Defendant, Cameron International Corporation ("Cameron International"), opposes the motion (doc. 33). Jurisdiction is alleged under 28 U.S.C. § 1332. There is no need for oral argument and the matter is now submitted.

## FACTS AND PROCEDURAL POSTURE

Plaintiffs originally filed this action in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on October 14, 2008. The petition alleges that plaintiff, Thomas Bradford, suffers from, and will continue to suffer from, asbestos-related lung disease and other related physical symptoms as a result of the negligence of the defendants, who mined, produced, processed and/or manufactured, installed, maintained, sold, or distributed asbestos or asbestos containing products to which he was exposed over a period of years (Original Petition).

1

Defendant, Cameron International, removed the action on November 14, 2008, alleging that plaintiffs had fraudulently joined two non-diverse defendants, Anco Insulations, Inc. and McCarty Corporation, solely to defeat diversity of citizenship jurisdiction (Notice of Removal, ¶¶ VII-VIII). In opposing the motion to remand, Cameron International argues that plaintiffs have not demonstrated a reasonable possibility of recovery against either of the non-diverse defendants and points out that plaintiff, Thomas Bradford, stated his deposition that he could not identify any insulation contractors or insulation companies that may have done work at the sites where he alleges exposure to asbestos. (Doc. 33, p. 6).

In arguing that remand is proper, plaintiffs assert that: (1) Cameron International has not cited any evidence that would negate liability on the part of the non-diverse defendants, and (2) the case was removed before they had a reasonable opportunity to conduct discovery and develop their claims against the non-diverse defendants (doc. 19-2).

## LAW AND DISCUSSION

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapatta Services, Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2622, 2617, 162 L.Ed.2d 502 (2005) (quoting *Kokkonen V. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). The party invoking federal subject matter jurisdiction bears the burden of establishing that jurisdiction. *Wilson*

*v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). "Diversity jurisdiction requires complete diversity between parties, however such diversity cannot be destroyed by a plaintiff fraudulently joining a non-diverse defendant." *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 2423 (5th Cir. 2000)).

The Fifth Circuit has stated:

> The doctrine of improper joinder rests on [] statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been "properly joined." Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder not the merits of the plaintiff's case.
> Given this focus, we have recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Only the second way is before us today, and we explained in *Travis v. Irby* that the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (internal citations omitted).

3

To predict whether a plaintiff has a reasonable basis for recovery under state law, a court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. The court may pierce the pleadings and conduct a summary inquiry only where "a plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). "The district court must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *McKee*, 358 F.3d at 334 (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2004)). Moreover, "jurisdictional facts that support removal must be judged at the time of the removal." *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003).

Cameron International removed this action one month after it was filed and has set forth no evidence to carry its heavy burden of establishing fraudulent joinder. Instead, Cameron International relies, instead, on the fact that the plaintiffs have set forth no substantive evidence regarding the non-diverse defendants. Simply pointing to the plaintiffs' lack of evidence at this early stage of the case is insufficient to show that there is no possibility that the plaintiffs will be able to establish the liability of the non-diverse defendants at trial. See *Travis*, 326 F.3d at 650-51 (stating that, where

discovery is continuing, a defendant cannot establish fraudulent joinder by simply pointing to the plaintiff's lack of evidence). The court, therefore, concludes that the removing defendant has failed to carry his burden of establishing fraudulent joinder.

## CONCLUSION

Accordingly, the motion by plaintiffs, Thomas Bradford and Patricia Ann Bradford, to remand (doc. 19), is hereby **GRANTED**, and this action shall be remanded to the Nineteenth Judicial District, Parish of East Baton Rouge, State of Louisiana.

Baton Rouge, Louisiana, March 12th, 2009.

JAMES J. BRADY
U.S.D.J. for

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

5